```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF UTAH
_____

SERGIO ESCAMILLA HERNANDEZ,   )   **MEMORANDUM DECISION & ORDER**
                              )   **DENYING HABEAS CORPUS PETITION**
         Petitioner,          )
                              )   Case No. 2:09-CV-815 DAK
   v.                         )
                              )   District Judge Dale A. Kimball
ALFRED BIGELOW et al.,        )
                              )
         Respondents.         )
_____
```

Petitioner, Sergio Escamilla Hernandez, an inmate at Central Utah Correctional Facility, petitions for habeas corpus relief.[1] The Court denies him.

### BACKGROUND

Petitioner was convicted in Utah state court on two counts of aggravated sexual abuse of a child, for which he was sentenced to consecutive terms of five-years-to-life. His conviction was upheld in a Utah Court of Appeals opinion.[2] In that forum, he raised the following issue: "Were [Petitioner's] double jeopardy protections violated when he was twice convicted and punished for violating a single statutory provision during a brief moment in time, based upon a single general intent, impulse and plan?"[3] Although this question had not been presented at trial, Petitioner argued the court of appeals should take it up either

---

[1]*See* 28 U.S.C.S. § 2254 (2012).

[2]*State v. Escamilla-Hernandez*, 2008 UT App 419.

[3]Brief of Appellant to Utah Court of Appeals at 1, docket no. 13-2.

under the plain-error doctrine or as an ineffective-assistance-of-counsel claim.[4]  The court of appeals rejected Petitioner's invitation to review the issue as plain error because, as it pointed out, the error was invited.[5]  However, it did analyze the ineffective-assistance-of-counsel angle, before rejecting it.[6]

Petitioner then filed a certiorari petition in the Utah Supreme Court.  There, Petitioner changed the issue to, "Did the Court of Appeals err in applying the same-evidence test, rather than unit-of-prosecution analysis, to determine whether multiple punishments under the 'touching prong' of Utah Code Ann. § 76-4-404.1 (2007) for contact occurring during a single transaction or episode violate double jeopardy protections?"[7]  The State argued that this issue was not preserved for review because Petitioner had not raised it before the court of appeals.[8]  The supreme court summarily denied his petition.[9]

In his petition here, Petitioner argues that the plain language of the aggravated-sexual-abuse-of-a-child statute does not support his conviction on two counts during a single episode,

---

[4] *Id.*

[5] *Escamilla-Hernandez*, 2008 UT App 419, at ¶ 8 n.2.

[6] *Id.* at ¶ 15.

[7] Appellant's Petition for Writ of Certiorari to Utah Supreme Court at 1, docket no. 13-4.

[8] State's Brief in Oppostition to Defendant's Petitioner for Writ of Certiorari at 8-10, docket no. 13-5.

[9] *State v. Escamilla-Hernandez*, 207 P.3d 432 (Utah 2009).

nor did the court of appeals properly analyze the case using a "unit-of-prosecution" test, as it should have.  Finally, Petitioner asserts the court of appeals should have ruled that trial counsel was ineffective in failing to move for dismissal of one count.

The State responds to the petition, arguing that the issues are unexhausted.  It correctly supports its argument by pointing out that Petitioner raised only the issue of "unit-of-prosecution" versus "same-evidence" tests (for double-jeopardy protection) before the Utah Supreme Court, which he did not explicitly raise before the court of appeals.  Petitioner is now foreclosed from seeking any further relief on these double-jeopardy issues in state court, culminating in procedural default.

## ANALYSIS

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[10]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[11]  Here, Petitioner did not present the same issue to the Utah Court of Appeals as he

---

[10] *See* 28 U.S.C.S. § 2254(b) & (c) (2012); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[11] *See Picard*, 404 U.S. at 275-76.

presented to the Utah Supreme Court.  Indeed, the term "unit of prosecution" never appears in Petitioner's brief to the Utah Court of Appeals (where he presents instead the novel argument that double-jeopardy principles from larceny cases should be extrapolated to sex-offense cases),[12] as it does in his certiorari petition to the Utah Supreme Court.[13]  And, the supreme court summarily refused to entertain his petition.[14]  Thus, none of Petitioner's arguments in the state courts were exhausted.

The United States Supreme Court has said that when a petitioner has not exhausted "'his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[15]

The issues Petitioner raises here are now ineligible to be exhausted in the Utah courts.  Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was

---

[12] Brief of Appellant to Utah Court of Appeals at 7-11, docket no. 13-2.

[13] Appellant's Petition for Writ of Certiorari to Utah Supreme Court at 4-18, docket no. 13-4.

[14] *State v. Escamilla-Hernandez*, 207 P.3d 432 (Utah 2009).

[15] *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

not raised at trial or on appeal."[16]  The grounds Petitioner presents here could have been brought, using consistent theories, on appeal and are therefore disqualified for state post-conviction relief now.  The Court therefore applies the doctrine of "anticipatory procedural bar," which "'occurs when the federal courts apply [a] procedural bar to . . . [a] claim [not fairly presented to the state court] that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.'"[17]  Further, Petitioner's claims would be time-barred in state court.[18]  Petitioner's issues are "thus considered exhausted and procedurally defaulted for purposes of habeas review."[19]

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental

---

[16] Utah Code Ann. § 78B-9-106(1) (2012); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . .").

[17] *Robinson v. Davis*, No. 11-1525, 2012 U.S. App. LEXIS 3020, at *9 (10th Cir. Feb. 16, 2012) (unpublished) (alterations in original) (quoting *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quotations omitted)).

[18] Utah Code Ann. § 78B-9-107 (2012) (statute of limitations for post-conviction relief).

[19] *Robinson*, 2012 U.S. App. LEXIS 3020, at *10.

miscarriage of justice.'"[20]  However, Petitioner has not argued these bases justify his procedural default.

## CONCLUSION

Petitioner's double-jeopardy claims are unjustifiably procedurally barred.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.  This case is CLOSED.

DATED this 23rd day of August, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[20] *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).